FILED
2014 JUL 10 AM 9: 33
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
        DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

TEXAS COUNTY AND DISTRICT
RETIREMENT SYSTEM,
        Plaintiff,

-vs-                                  Case No. A-14-CA-380-SS

J.P. MORGAN SECURITIES LLC; CITIGROUP
GLOBAL MARKETS INC.; COUNTRYWIDE
SECURITIES CORPORATION; CREDIT
SUISSE SECURITIES (USA) LLC; DEUTSCHE
BANK SECURITIES INC.; GOLDMAN, SACHS
& CO.; MERRILL LYNCH, PIERCE, FENNER
& SMITH INC.; MORGAN STANLEY & CO.
LLC; RBS SECURITIES INC.; UBS
SECURITIES LLC; and WAMU CAPITAL
CORP.,
        Defendants.

## O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiff Texas County and District Retirement System (TCDRS)'s Motion to Remand [#31], Defendant Countrywide Securities Corporation's Response [#47], Defendants J.P. Morgan Securities LLC, and WaMu Capital Corp.'s Response [#50], and TCDRS's Reply [#78]; Defendants' Motion to Dismiss [#92], and TCDRS's Response [#115];[1] Defendants' Motion for Judicial Notice [#93]; and TCDRS's Motion for Leave to Exceed Page Limitation [#113]. Having reviewed the

---

[1] By agreement of the parties, briefing on the motion to dismiss (filed May 30, 2014) will not complete until July 28, 2014. Defendants RBS Securities Inc., UBS Securities LLC, and Citigroup Global Markets Inc. have also filed notices withdrawing their personal jurisdiction arguments [##111, 112].

documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders GRANTING the motion to remand and returning this case to the state court.

## Background

TCDRS is a governmental pension fund. It manages retirement accounts for a large number of Texas government workers, and makes investment decisions on their behalf. TCDRS invested millions of dollars in residential mortgage-backed securities (RMBS) underwritten and sold by some of the country's largest investment banks. In connection with the 2008 financial crisis, many of those investments lost most or all of their value as homeowners defaulted on their mortgages and the value underlying the securities disappeared. TCDRS, and the Texas pensioners it represents, lost substantial assets as a result.

TCDRS sued the Defendants—various investment banks—in Texas state court, alleging the Defendants misrepresented "the nature, quality, characteristics, and risk profile" of the securities they sold to TCDRS. Not. of Removal [#1-3], Ex. 1 (Orig. Pet.) ¶ 3. TCDRS alleged exclusively Texas state law causes of action: (1) fraud, (2) negligence per se, and (3) negligent misrepresentation. TCDRS seeks to recover more than $64 million from the Defendants.

Countrywide Securities Corporation removed to this Court on May 2, 2014. The sole basis for removal is "related to" bankruptcy jurisdiction under 28 U.S.C. § 1452(a), under the theory a portion of the securities issued by Countrywide were backed by mortgage loans originated or acquired by entities which are currently in pending bankruptcy proceedings. Because Countrywide and those bankrupt entities have indemnification agreements in place, Countrywide asserts this lawsuit is "related to" those bankruptcies.

TCDRS now moves to remand to the state court. Defendants have opposed the remand, and simultaneously moved to dismiss on a number of grounds. At the same time, Countrywide is engaged in proceedings before a multidistrict litigation (MDL) court in California. Countrywide sought and obtained a conditional order transferring claims related to a portion of the securities involved in this case—those involving Countrywide, the subject of the MDL—to the MDL court. The MDL court is currently entertaining challenges to the conditional transfer order's proposed bifurcation of this case.[2]

This Court held a hearing on June 20, 2014, to discuss the pending motions. After that hearing, the Court entered an order requesting supplemental information from the parties concerning the securities involved in this case. The parties now agree 40 of the 115 securities at issue in this case were either issued by Countrywide or backed by loans originated by Countrywide. Of those 40, 15 were backed by loans originated by entities presently in bankruptcy. The parties have different views as to how much Countrywide can realistically expect to obtain if its indemnity agreements are honored.

## Analysis

**I.  Motion to Remand—Legal Standard**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of

---

[2] Because the transfer order, by its own terms, has not yet become effective, this Court retains the authority to remand or dismiss the case. *See State of Rio de Janeiro of Federated Republic of Brazil v. Philip Morris Inc.*, 239 F.3d 714, 715 (5th Cir. 2001) ("[MDL] panel practice contemplates that a district court may remand a removed case to state court before its transfer order under 28 U.S.C. § 1407 becomes effective").

establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citations omitted). In addition to the general federal removal statute, 28 U.S.C. § 1441, there are other, more specific removal statutes. One such specific removal statute relevant to this case provides, in part:

> (a) A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.
>
> (b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground.

28 U.S.C. § 1452.

Section 1334, referenced in subsection (a) above, "provides for federal jurisdiction over proceedings 'related to' cases arising under the Bankruptcy Code." *In re TXNB Internal Case*, 483 F.3d 292, 298 (5th Cir. 2007) (quoting 28 U.S.C. § 1334(b)). The Fifth Circuit has read the "jurisdictional grant [of § 1334] broadly, stating that the test for whether a proceeding properly invokes federal 'related to' jurisdiction is whether the outcome of the proceeding could conceivably affect the estate being administered in bankruptcy." *Id.*; *see also Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 386 (5th Cir. 2010). "Certainty is unnecessary; an action is 'related to' bankruptcy if the outcome could alter, positively or negatively, the debtor's rights, liabilities, options, or freedom of action or could influence the administration of the bankrupt estate." *In re TXNB*, 483 F.3d at 298.

## II. Application

TCDRS argues remand is appropriate for three reasons. First, TCDRS contends this case is not "related to" any bankruptcy proceeding, and removal was therefore improper. Second, even if

this case is "related to" a bankruptcy proceeding, abstention is mandatory under 28 U.S.C. § 1334(c)(2). Third, equitable remand is appropriate under 28 U.S.C. §§ 1334(c)(1) and 1452(b).

TCDRS first argues this case is not "related to" any bankruptcy proceeding because this case is too attenuated from any indemnification litigation which might occur if TCDRS prevails here. In other words, the possibility this case will ultimately affect any of the originator bankruptcies is too remote to justify federal jurisdiction. This Court previously considered and rejected this argument, finding it inconsistent with the Fifth Circuit's opinion in *Lone Star Fund V*. *See FDIC v. Ally Sec. LLC*, No. A-12-CA-872-SS, 2012 U.S. Dist. LEXIS 188807, at *7–8 (W.D. Tex. Dec. 6, 2012) (citing *Lone Star*, 594 F.3d at 387). The Court again rejects this argument and holds "related to" jurisdiction exists in this case in light of the indemnification agreements between Countrywide and a number of loan originators presently in bankruptcy proceedings.[3]

TCDRS's second argument, advocating for mandatory abstention, is more persuasive. Section 1334(c)(2) requires federal courts to abstain from hearing bankruptcy-related cases "if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction." 28 U.S.C. § 1334(c)(2). The Fifth Circuit has interpreted § 1334(c)(2) "to mandate federal court abstention where (1) the claim has no independent basis for federal jurisdiction, other than § 1334(b); (2) the claim is a non-core proceeding, i.e., it is related or in a case under title 11; (3) an action has been commenced in state court; and (4) the action could be adjudicated timely in state court." *In re TXNB*, 483 F.3d at 300 (internal quotation marks and alteration omitted). If all four

---

[3] However, as this Court also held in *Ally Securities*, § 1452 only authorizes the removal of claims or causes of action *in a civil action*, not entire cases. 2012 U.S. Dist. LEXIS 188807, at *12. Because only 15 of the 115 securities at issue in this case can have any possible effect on any pending bankruptcy proceeding, removal of the claims regarding the remaining 100 securities is not authorized by § 1452. *See id.* at *12–13 (holding § 1452 authorized removal of claims related to only four of eight RMBS certificates).

circumstances exist, abstention is required "[u]pon timely motion of a party." 28 U.S.C. § 1334(c)(2); *In re Moore*, 739 F.3d 724, 729 (5th Cir. 2014).

In its Response, Countrywide concedes § 1334(c)(2) applies in this case, and Countrywide disputes only the fourth element: timely adjudication in state court.[4] At the time of the briefing on the motion to remand, TCDRS provided a declaration from one of its attorneys representing the state court administrator's office had informed him jury settings for December 2014 and all of 2015 remained open and available. TCDRS later provided a supplemental declaration representing the state court had specifically offered trial settings in March, April, and May of 2015 if the case was remanded promptly following the June 20 hearing scheduled in this case. Countrywide offers no evidence of its own, but argues (1) the proceedings in *Ally Securities* following remand show the state courts operate too slowly, and (2) the MDL proceedings make abstention inappropriate.

TCDRS's burden is to show the state court can timely adjudicate this dispute, not that the state court is the most efficient avenue for resolution of these claims. *J.T. Thorpe Co. v. American Motorists*, No. H-02-4598, 2003 WL 23323005, at *3 (S.D. Tex. June 9, 2003). Some courts have held the party moving for abstention must offer "more than a 'naked assertion' that the action can be timely adjudicated in state court." *In re Draper*, No. 09-39078, 2010 WL 4736168, at *3 (S.D. Tex. Nov. 15, 2010). TCDRS has done so here, providing evidence of specific trial months available to these parties, if they are capable of preparing for trial in time to take advantage of them. By contrast, Countrywide provides no evidence the state court cannot timely adjudicate this matter. *See*

---

[4] Lest there be any doubt, the other factors are met. TCDRS filed a timely motion asking the Court to abstain (and remand) four days after this case was removed. The only asserted basis for federal jurisdiction is § 1334(b). The Notice of Removal concedes the claims are non-core. Not. of Removal [#1] ¶ 18. Finally, it was this action which was commenced in an appropriate state court.

*J.T. Thorpe Co.*, 2003 WL 23323005, at *3 ("[T]he courts that have noted that naked allegations are not sufficient . . . have not required much in the way of proof to establish this element when the non-movant failed to present any counter evidence."). The Court therefore finds, based on the limited record before it, the state court is more than capable of timely adjudicating this dispute.

Countrywide's reliance on the post-remand proceedings in *Ally Securities* do not alter this conclusion. Following the remand from this Court, the parties briefed and argued the defendants' summary judgment motion within thirteen months. That case involved fewer securities and fewer defendants than this case, but nevertheless suggests the state courts are capable of accommodating complex securities cases in a timely manner if the parties are interested in proceeding expeditiously. The fact these parties have already opted to spend two full months in this Court briefing a Rule 12 motion suggests it is not the *courts* who will stand in the way of the efficient resolution of this case.

Countrywide's comparison to the MDL litigation is both irrelevant and unpersuasive. It is irrelevant because whether the MDL will be efficient has no bearing on whether the state court can timely adjudicate this case. It is unpersuasive because the MDL already threatens to create a procedural nightmare in this case. The MDL court's conditional order accepted transfer of only those claims involving Countrywide securities, as it is the Countrywide MDL.[5] Based on the parties' statistics, the conditional transfer order accounts for roughly 35% of the securities at issue in this litigation. The remaining 65% do not involve Countrywide *or* the bankrupt originators. If this Court is left holding those claims once the MDL court enters its transfer order, remand will be required because none of the remaining claims can conceivably affect any pending bankruptcy. This case will

---

[5] At oral argument, Countrywide's counsel suggested the MDL court would be likely to assume jurisdiction over *all* the claims in this case, not just those involving Countrywide securities, based on the MDL court's past actions.

-7-

therefore proceed in both Texas state court and California federal court in a remarkably inefficient manner. Moreover, the pending motion to dismiss raises novel issues of Texas state law, and it ought to be a Texas state court—not a California federal court—resolving those questions. But the bottom line is this: remanding this case, in its entirety, to the state court will give these parties a single, appropriate forum to resolve their disputes in a timely manner, if they have a desire to do so.

Having concluded abstention is mandatory under § 1334(c)(2), the Court need not decide whether equitable remand would also be appropriate. This Court's decision to remand the case also renders the pending motion to dismiss moot, though the parties are of course free to revisit the issue however they see fit in the state court.

## Conclusion

Accordingly,

IT IS ORDERED that Plaintiff Texas County and District Retirement System's Motion to Remand [#31] is GRANTED;

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss [#92] is DISMISSED WITHOUT PREJUDICE;

IT IS FURTHER ORDERED that Defendants' Motion for Judicial Notice [#93] is DISMISSED WITHOUT PREJUDICE;

IT IS FURTHER ORDERED that Plaintiff Texas County and District Retirement System's Motion for Leave to Exceed Page Limitation [#113] is GRANTED;

IT IS FURTHER ORDERED that this case is REMANDED to the 200th Judicial District Court of Travis County, Texas, where it originated as Cause Number D-1-GN-14-000998;

IT IS FINALLY ORDERED that the Clerk of Court shall provide a certified copy of this Order to the clerk of the 200th Judicial District Court of Travis County, Texas.

SIGNED this the 9th day of July 2014.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE